

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS (CHICAGO)

CASE NO._(to be assigned by Clerk of Court)_

THERESA BRADLEY, PSY.D/JD

    Plaintiff

V.

JULIE LACKAFF, individually;

PEARSON ASSESSMENTS, a division of

PEARSON, PLC

    Defendants

_____/

**RECEIVED**

AUG 1 9 2008
Aug 19. 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08CV4703**
**JUDGE GOTTSCHALL**
**MAG.JUDGE VALDEZ**

### COMPLAINT

1. The Court has jurisdiction over the parties pursuant to USC Title 28 Section 1332 based upon diversity of citizenship of the parties and amount in question that exceeds $75,000.00; and the Court has subject matter jurisdiction based upon 15 U.S.C. §§ 1681 et seq. 6, conspiracy to engage in fraud by internet pre-texting.

1

2. All conditions precedent to the filing and maintenance of this action have occurred.

## PARTIES

3. Plaintiff is 63 year old single female, Forensic Psychologist who works for the criminal justice system and the Courts,  a resident of the State of Georgia and the District of Columbia with her current US Mail address located at 6428 Old Post Court Columbus Georgia 31909.

4. Defendant, Julie Lackaff, is a resident of the State of Illinois with her address located at 3900 North Lake Shore Drive #9A Chicago, IL 60613.

5. Defendant, Pearson Assessments is a Division of its parent company, Pearson, PLC listed on the NYSE Ticker Symbol PSO, with its corporate offices located in the United States at 1313 Lone Oak Road Eagan MN, 55121 800.447.3269 and its parent company, Pearson, offices located at 80 Strand London WC2R ORL, United Kingdom is doing business in the State of Illinois as Pearson Assessments and is subject to the jurisdiction of this Court under the Long Arm Statute.

## BACKGROUND HISTORY OF FACTS AND GENERAL
## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. On or about June 2006, the Plaintiff did publish her professional internet site providing the public with the ability to purchase Plaintiff's services and/or its products.

7. Plaintiff, a 63 year old highly respected professional, is a current and active Member of the American Psychological Association in Washington, DC, and a Licensed Counseling Psychologist. Plaintiff usually resides and works in the District of Columbia, but due to a drunk driver crashing into the Plaintiff's auto, she has sustained temporary injury residing with her brother in Georgia in order to fully recover.

8. Plaintiff has established vendor relationships with numerous manufacturers for products and with mental measurements test publishers listed in the 2007 Mental Measurements Yearbook, and with international products' manufacturers and distributors for global ecommerce. At all times material hereto, the Plaintiff complies with and abides by rules, regulations, statutes and the professional policies and the internet policies as provided to her in writing by the vendors, manufacturers, and test publishers with whom she conducts business.

3

9. On or about  September 2007, the Plaintiff did arrange for a professional  relationship with Pearson Assessments and provided to Pearson her License Credentials  District of Columbia Dept. of Health #13943 Counseling Psychologist that granted Plaintiff the right to purchase psychology tests and its manual, and test scoring products from Pearson Assessments  at the highest level (Level 3)  for her professional practice that included Psychology Test Consultations and Psychology Test Administration Services with tests provided by Pearson Assessments purchased by the Plaintiff to private individuals, educational facilities, state and federal agencies and companies.

10. Upon establishing her professional account with Pearson Assessments, the Plaintiff did request from the Customer Service Representative assigned to her by Pearson Assessments the Pearson Assessment's  Internet Policy to  be provided to her so that Plaintiff could read it and meet all of the vendor/test publishers internet publication policies for her own professional practice and for her internet site.

11. The Pearson Customer Service Representative informed Plaintiff that *"there was no Internet Policy"* but to comply with placing trademarks and registration logos on any of Plaintiff's published materials, including Plaintiff's internet site.

4

12. Thus, Plaintiff published several of the tests' brief descriptions that she advertised to the public that Plaintiff provided Psychology Test Administration Services of the designated psychology tests with each brief description published on her internet site in full compliance with the Pearson Assessment Customer Service representations that she utilize the trademarks and logos as stated for each test. At no time did Plaintiff represent that she was "selling psychology the psychology tests" and at no time did the Plaintiff attempt to sell psychology tests to any person or third party.

13. Plaintiff informed the public that Plaintiff provided 1-hour of test consultation services, test administration services administered by Plaintiff or an associate who was duly licensed and a member of the American Psychological Association (APA) in the purchaser's location, and confidential test report provided to the test taker included in the price published for each of the test titles with its brief test description published on her internet site for each of the tests in her test administration services repertoire.

14. At no time did the Plaintiff represent or lead any third party to believe that Plaintiff was selling the psychology tests published in any written or electronic methods, including the test manual, test papers, test electronic materials, scoring materials or selling any portion thereof of the test publisher test materials to any person.

5

15. Plaintiff listed the psychology tests that she provided Psychology Test Administration Services in compliance with the test provider's logos and trademarks as directed to her by Pearson Customer Service, the Test Publisher Manual, and APA Ethical Standards for Testing with a brief description of each test with its trademarks and logos, and included a link directly to her eMail address in the event anyone had any questions **prior to** purchase of her test consultation and/or test administration services.

16. Further, Plaintiff informed the visitors and prospective purchaser that Plaintiff engaged in Psychology Test Consultations and Psychology Test Administration Services with a Confidential Test Report, and 1-Hour of post-Test Consultations included in the published price.

17. And, Plaintiff's transaction register **re-stated and specified** that the purchase price entailed Test Administration Services and Test Report prior to any purchaser entering a credit card to purchase the Test Administration Services and Confidential Test Report.

18. In sum, there was nothing on the Plaintiff's published URL or any written materials of any kind in any format indicating other than the fact that Plaintiff provided her duly licensed professional training of Psychology Test Consultations and Test Administration Services that included: pre and post Test Consultation Services, Test

6

Administration Services, Confidential Test Report – nothing more or less – included in the published price for the Test Consultations and Test Administration Services.

19. On February 3, 2008, Plaintiff's credit card clearing company did notify her that Defendant, Julie Lackaff, had purchased psychology Test Administration Services for two tests, clearly stated on the purchaser's receipt See Exhibit A:

- *Testing Services 1 Test Administration with Report of the MMPI-2*
- *Testing Services 1 Test Administration with Report of MCMI-III*

20. In fact, prior to the purchaser providing her credit card to purchase Plaintiff's Services, the transaction screen re-states that the purchaser is purchasing Test Administration Services and Confidential Test Report, which is exactly what is stated on the purchaser's receipt prior to entering credit card data, on the purchaser's receipt, and on the notification submitted to the Plaintiff – See Exhibit B herein.

21. If there was any question, the purchaser had full access to the Plaintiff's email to contact her should there be any pre-purchase questions regarding Plaintiff's services or the tests selected prior to the purchase.

22. Plaintiff immediately contacted Defendant confirming the transaction purchase and notified the Defendant by US Mail Certified that the Test Administration Services had been arranged for

7

Defendant conducted by the Plaintiff and a fellow APA Member (Dr. Steven Nakisher, Psy.D. Licensed in Illinois) and Plaintiff's working associate in Chicago, IL whose office was located within 5-miles of the Defendant's location. Plaintiff made these arrangements at a convenient location to and for the benefit of the purchaser.

23. Plaintiff did notify the Defendant that both the Plaintiff and the APA working associate, Dr. Steven Nakisher, Licensed Illinois Psychologist would be available to purchaser for 30-days to provide the Test Administration Services for the two tests that she had purchased; and that she could take both tests in one setting at Dr. Nakisher's office – the test center - or she could take the first test one day and the second test at another time convenient to her schedule.

24. The Plaintiff informed the Defendant Lackaff that she would be required to come to the test center for the test administration at the following address, located within 5 miles from Defendant Lackaff's residence in Chicago, IL providing her full details of the address, phone and contact information.

25. Plaintiff and Dr. Nakisher are both duly licensed professionals and authorized to engage in Psychology Test Administration Services, which required the Defendant's cooperation to schedule a date/time certain, Monday through Friday, during the time period of February

8

13, 2008 to April 1, 2008.  Upon completion of the tests taken under confidential testing conditions by an Illinois Licensed Psychologist (Dr. Nakisher) overseen by Plaintiff who planned to attend the test administration services by travel to Chicago, IL, and later to score and provide a Confidential Test Report.

26. Plaintiff informed the Defendant Lackaff in writing by US Mail Certified that she could take the tests in either one or two sittings at her convenience and that  the confidential test results would be scored by the Plaintiff, submitted to her in a pre-paid Confidential Test Envelope for scoring, followed by the Confidential Test Report provided by Plaintiff to the Defendant Lackaff in a Confidential Sealed envelope delivered to her address by US Mail Certified.

27.On several occasions, the Plaintiff submitted US Mail Letters and Email  to the Defendant informing her that the Test Administration Services of the tests that she had selected had been fully arranged and that Defendant had a duty and obligation under the terms of their agreement to contact the test center's office in Chicago, IL  to arrange a date/time certain to appear at the testing office and take the tests.

28.At no time did the Plaintiff represent that she would provide a chauffer driven limousine to arrive at Defendant Lackaff's residence

to pick her up and drive her to the test center located 5 miles from her residence and return her to her residence.  This exceptional limousine pick/up/delivery service was not included in the price.

29. At all times material hereto, Defendant Lackaff knew that she had an obligation and had implicitly agreed to come to the test center in at her own volition during normal business hours Monday – Friday from mid-February 2008 to April 1, 2008 to take the tests.

30. And, Defendant Lackaff was informed that the pre-payment for test administration services was non-refundable, particularly given the upfront costs incurred by Plaintiff to arrange the test center in Chicago, IL for the benefit of the purchaser.

31. The Defendant failed to cooperate despite the fact that Plaintiff informed Defendant that (1) she had purchased two (2) non-refundable test administrations;  (2) that the psychology test administrations had been arranged at a convenient location within 5 miles from her residence at a test center overseen by an APA associate, Dr. Steven Nakisher, Psy.D and Dr. Bradley.;  and (3) that a Licensed Counseling Psychologist (s) APA member and associate would administer the tests at any date/time convenient to Defendant from February 13, 2008 to April 1, 2008;  and (4) that all test administration was conducted in a Confidential manner in full compliance with the Test Publisher Manual, Psychology Testing Best

Practices Guidelines, and that a Confidential Test Score and Report would be submitted to her by Plaintiff in a sealed Confidential Envelope by US Mail Certified, with post-testing consultation if requested.

32. The Defendant failed to appear for test administration during the time period provided to her although the Plaintiff had complied with the terms and conditions of the agreement providing the services to Defendant Lackaff as agreed to between the parties by submitting test information and materials and by arranging her APA member associate in Chicago, IL to administer the tests at a convenient location during normal business hours for an extended period of time.

33. On April 1, 2008, the time period for Defendant to engage in and to appear for the tests' administration the lapsed, and all test materials were returned to the Plaintiff.

34. Plaintiff notified the Defendant that she had a duty and obligation under the terms of their bi-lateral agreement to cooperate and "to do something" that included contacting the test administrator providing a date/time certain when the Defendant would appear to take the tests in either one or two test sessions.

11

35. Despite these series of notifications the Defendant failed to cooperate and failed to do anything meaningful in order to take the tests that Plaintiff had arranged at her own time and expense.

36. In fact, the Defendant placed illegal and unethical demands upon the Plaintiff that she "sell her the tests for her own use to do what she pleased with the tests."

37. When Plaintiff declined, the Defendant Lackaff then placed unlawful and unrealistic demands that "she did not want to be tested by Psychologists" yet the Defendant knew in advance that Plaintiff, a Licensed Counseling Psychologist, had provided to her the opportunity for Psychology Test Administration Services, which MUST be administered by a duly licensed psychology professional.

38. Plaintiff notified the Defendant that she had purchased non-refundable test administration services and test report as stated by the Plaintiff's internet site and by the transaction screen prior to Defendant entering her credit card, and that the receipt clearly stated Test Administration Services and Confidential Test Report.

39. Four months later on or about May 29, 2008, the Plaintiff learned that Defendant had engaged in fraud and deceit and internet pre-texting, posing to be someone else, and NEVER had any intention of taking the two (2) test administrations that she had purchased

12

despite leading Plaintiff to believe she had agreed to cooperate to arrange a date/time certain to take the tests.

40. In fact, Defendant was engaged in a scheme to defraud , to deceive and to manipulate the Plaintiff by engaging in internet pre-texting pretending to be a disinterested third party purchaser of test administration services of two (2) tests published by Pearson Assessments.

41. In fact, the Defendant engaged in subterfuge, fraud, and deceit  as Defendant is an employee of Pearson Assessments, who NEVER had any intention whatsoever of taking the two (2) tests being administered to her by Licensed  Professionals.

42. Defendant's internet pre-texting was designed as a fraud, deceit, and subterfuge  pretending to be a disinterested third party purchaser/ recipient of Plaintiff's professional services, when, in fact, the Defendants engaged in a convoluted scheme to deceive and defraud the Plaintiff and by placing demands that Plaintiff "sell her the tests to do whatever and with whomever they pleased with the psychology tests."

43. Defendants, and an employee of Pearson Assessments (Dr. Julie Lackaff, Ph.D.), sought to lure the Plaintiff  with their fraud, deceit and internet pre-texting into violating the terms of her agreement with the test publisher, Pearson Assessments, which terms accorded

13

her only the right to administer, score and provide Confidential Test Report.

44. Plaintiff had no authority under her agreement with Pearson or under any professional authority from any state or professional license board to "sell psychology tests."

45. Defendants' scheme was pre-conceived plan as a trick, artifice, fraud, and internet pre-texting subterfuge intentionally designed as a scheme and trickery to induce the Plaintiff to violate her agreement with Pearson Assessments and to violate state statues, and Plaintiff's professional license regulations and professional ethics.

46. At all times material hereto, the Plaintiff informed the Defendant by her internet site and by the purchase transaction screen that Plaintiff provided pre-test consultations, test administration, confidential test report, and post-test consultations included in the price of tests in full compliance with the Test Publisher Manual and the APA Codes of Professional Conduct – Testing Standard 9 APA Code of Ethics.

47. The Defendant's internet pre-texting scheme backfired.

48. The Plaintiff did, in fact, make considerable effort and at considerable valuable professional time to make the test center arrangements, and at great expense to her to ensure that the two (2) test administrations were provided under Plaintiff's authorization and direction by a Licensed APA Member associate.

14

49. And, the Plaintiff expended considerable time and expense to locate a convenient location for the Defendant Lackaff to engage in confidential test administration services that would be followed up with a Confidential Test Report provided to Defendant within 72 hours of completion of both tests.

50. Plaintiff refused to "sell tests" informing the Defendant that such conduct would violate the test publisher policies, the test publisher manual, and the codes of professional conduct and professional licensure statutes.

51. Nevertheless, the Defendant continued to harass and harangue and place unreasonable demands upon the Plaintiff, including placing demands that Lackaff not be tested by a psychologist, followed by demands made four (4) months later for a "chargeback" asking for a reversal of payments made to Plaintiff although the Defendant knew that the payment was non-refundable, and well outside of the 60 day time period to file a dispute with her credit card issuer.

52. Further, Defendant Lackaff failed to inform her credit card holder of the truth of the matter making representations that were false and fraudulent in her request for chargeback.

53. Defendant Lackaff knew that the Psychology Test Administration Services were available to her and knew or should have known that she had a duty and obligation to cooperate and come to the test center in Chicago, IL to take the tests.

54. Defendant Lackaff breached the bi-lateral agreement by her failure to cooperate.

55. Defendant Lackaff breached the norms of conduct by utilizing false, fraudulent, misleading scheme at internet pre-texting with the intent to cause harm to the Plaintiff.

56. Defendants Lackaff and Pearson engaged in fraud with scienter and knew in advance that Lackaff was engaged in deceit, fraud and internet pre-texting; and that she NEVER had any intention of taking the tests administered.

57. At all times material hereto, the Defendants had engaged in a pre-arranged subterfuge, fraud, deceit and internet pre-texting designed to "entrap" the Plaintiff in violating the terms of vendor agreement, the code of professional conduct for psychology testing, and the professional license regulations governing psychology testing.

58. The Plaintiff has been damaged as a result of the Defendant's internet pre-texting, pre-designed subterfuge, fraud and deceit.

16

59. The Defendants have acted with malice aforethought in the internet pre-texting scheme with utter disregard to its consequences upon the Plaintiff and her fellow APA member  working associate.

60. The Defendant Pearson Assessment orchestrated the internet fraud, internet pre-texting and the fraud, deceit, including placing illegal demands upon the Plaintiff that "she sell the tests to Lackaff" and that "Lackaff not be tested by a psychologist."


## COUNT I –  FRAUD/ INTERNET PRE-TEXTING

61. Plaintiff incorporates Paragraphs 1 – 60 as if stated herein and alleges a cause of action against Defendant Julie Lackaff and Defendant Pearson Assessments for fraud / internet pre-texting, and states:

62. Internet pre-texting is **both a criminal and a civil offense**, defined as **engaging in conduct over the internet that has only the appearance of truth, and which is without foundation or which if true is not the true reasons for such act.**

63. Defendants engaged in internet pre-texting by leading the Plaintiff to believe that that Lackaff, actually an employee of Pearson Assessments, was a disinterested third party who sincerely sought to take two (2) tests available to Plaintiff, a licensed professional, as a result of her professional relationship to provide psychology test administrations at Level 3 with Pearson Assessments.

64. The Psychology Test Administration Services were provided to Defendant under the highest levels of professional ethics in full compliance with the Pearson Assessment Test Publisher policies, the Test Publisher Manual, the Best Practices Guidelines, the State Professional Statutes, and the State Licensing Statutes, and the APA Code of Professional Ethics- Testing Standard Nine.

65. Plaintiff expended considerable time, effort, and expense to arrange the test administration services as stated on her internet site and in full compliance with all regulatory guidelines for psychology test administration at a convenient location to the purchaser, in Chicago, IL, in full compliance with state statutes and professional ethics.

66. Defendants NEVER had any intention of cooperating or engaging in psychology test administration and NEVER cooperated at any time to take the tests made available to Lackaff under the highest

professional codes of psychology test administration services available to her, and under the Plaintiff's direction and under the test mentor arrangement with Plaintiff's APA member associate in Chicago, IL.

67. Defendants engaged in a pre-conceived illegal scheme with scienter conducted over the internet designed to deceive and defraud and to harass and harangue the Plaintiff.

68. Plaintiff has been damaged as a result.

WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant, Julie Lackaff and Defendant Pearson Assessments, for internet fraud and internet pre-texting. Plaintiff reserves her rights to assert her claims for punitive damages to punish the Defendants. Plaintiff requests her costs, fees and expenses to bring this matter to the attention of the Court and to the FBI Chicago Field Office as a result of the Defendants' criminal conduct, and such other relief as this Court deems just and proper.

## COUNT II – FRAUD IN THE INDUCEMENT

69. Plaintiff incorporates Paragraphs 1 – 68 as if stated herein and alleges a cause of action against Defendant Julie Lackaff and Defendant Pearson Assessments for Fraud in the Inducement, and states:

70. At all times material hereto, Defendant Lackaff is an employee of the Defendant Pearson Assessments, who combined their resources to actively engage in a scheme to fraudulently induce the Plaintiff to provide psychology test administration services as set forth herein although Defendant NEVER neither intended nor did they cooperate in taking the tests provided to Lackaff under the highest levels of psychology test administration services provided by Licensed Counseling Psychologists.

71. The Defendants' fraudulent scheme was designed to lie, defraud, deceive the Plaintiff with the goal to induce the Plaintiff to "sell tests" to the Defendant, which the Defendant knew would violate the Plaintiff's vendor relationship with Pearson or to belittle and demean the Plaintiff professionally and with her working associates in Chicago, IL.

20

72.The Defendants utilized and abused their position to defraud and
   deceive the Plaintiff   to expend her valuable time and at great
   expense to arrange for the test administration services as agreed to
   between the parties.

73.In fact, the Defendants' scheme NEVER included actually
   cooperating and taking the test provided to Lackaff at any time or in
   any location for test administration as set forth herein.

74. The Defendants sought to deceive the Plaintiff, and to cause the
   Plaintiff professional damage with utter disregard to the Plaintiff's
   valuable time, professional relationships, and the expense incurred in
   arranging the tests administration services, and the costs to meet
   Plaintiff's obligations under the terms of Psychology Test
   Administration Services advertised on her internet site.

75.The Plaintiff has been damaged as a result of the Defendants fraud in
   the inducement as a result.

WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of
judgment in the amount to exceed $75,000.00 against the Defendant Julie

Lackaff and Defendant Pearson Assessment for fraud in the inducement. Plaintiff reserves her rights to assert her claims for punitive damages to punish the Defendant for her egregious conduct. Plaintiff requests her costs, fees, and expenses to bring this matter to the attention of the Court, and such other relief as this Court deems just and proper.

## COUNT IV – BREACH OF BI-LATERAL CONTRACT

76..Plaintiff incorporates Paragraphs 1 -75 as if stated herein and alleges a cause of action against the Defendant Julie Lackaff for breach of the bi-lateral contract, and states:

77.   The Plaintiff provided to the public via the internet the right to purchase the Plaintiff's service: Psychology Test Administration Services that included 1-hour of test consultation included in the price of any test selected by the prospective purchaser -- all clearly stated on the purchase page of the site and again on the Pay Pal Transaction Screen prior to entering an credit card number and authorizing the credit card charge.

78. The parties entered into an exchange for promises for each party to do something in the future.

79. Plaintiff agreed to provide the Psychology Test Administration Services for the test (s) selected and to be administered under the highest professional standards, in full compliance with the Test Publisher Manual and the Test Publisher Best Practices Guidelines, in full compliance with State regulatory statutes, and American Psychological Association APA Professional Ethics Standard Nine Testing.

80. At great time and expense to the Plaintiff she did, in fact, comply with all of the terms and agreements of the bi-lateral contract between the parties.

81. Defendant Lackaff NEVER had any intention of taking the tests provided to her under the highest professional standards and NEVER cooperated at any time in appearing at the office located 5-miles from her residence to engage in meaningful Psychology Test Administration Services under the terms of the agreement between the parties.

82. At all times material hereto, the Defendant is a highly educated person who works for Pearson Assessments. In lieu of cooperating and engaging in meaningful conduct to take the tests, the Defendant engaged in a scheme to entrap the Plaintiff and failed to cooperate to take the tests.

83. The Defendant knew or should have known that she was lying and engaging in a fraudulent scheme to entrap the Plaintiff.

84. And, the Defendant did engage in considerable effort to entrap the Plaintiff by placing demands that Plaintiff "sell her the tests that she had purchased as she did not want to take Psychology Tests administered by a Psychologist" although Defendant knew that Plaintiff is a Licensed Counseling Psychologist whose services included Psychology Test Administration Services.

85. Defendant entered into a bi-lateral contract knowing that she had made a promise to engage in meaningful conduct to take the Psychology Test Administration Services for the tests she had purchased.

86. Defendant breached the bi-lateral agreement between the parties by her failure to cooperate and knew that she was provided an extended period of time to make arrangements to take the tests, and that the amounts paid were non-refundable.

87. Plaintiff has been damaged as a result of the Defendant's breach of the bi-lateral agreement between the parties.

WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant Julie Lackaff and Defendant Pearson Assessments  for the conspiracy to breach the bi-lateral agreement between the parties.  Plaintiff reserves her rights to assert her claims for punitive damages to punish the Defendant for her conduct.  Plaintiff requests her costs, fees, and expenses to bring this matter

to the attention of the Court, and for such other relief as this Court deems just and proper.

## COUNT V - Violations of 15 U.S.C. §§ 1681 et seq. 6, Conspiracy Fraud by internet pre-texting

88.Plaintiff incorporates Paragraphs 1 – 101 as if stated herein and alleges a cause of action against the Defendants, Julie Lackaff and Pearson Assessments for Violations of 15 U.S.C. §§ 1681 et seq. 6, Conspiracy Fraud by internet pre-texting, and states:

89.Defendants know that Plaintiff provided the psychology test administration services to Lackaff as advertised and agreed.

90.Defendants know that Plaintiff provided the services to the purchaser from February 13, 2008 to April 1, 2008 in Chicago, IL to Lackaff in full compliance with the laws and ethics of psychology testing.

91.Defendants know that Lackaff has a MAXIMUM of 60 days from the date of purchase (February 3, 2008) to April 3, 2008 to file a dispute or chargeback request.

92.Defendants have intentionally ignored the laws and the facts and engaged in a pre-planned convoluted scheme with scienter to engage in fraud by internet pre-texting with Dr. Julie Lackaff, Ph.D. an

employee of the test publisher, Pearson Assessments, to pose as an ordinary person, not a Licensed Psychologist.

93. The Defendants' scheme included placing illegal demands upon the Plaintiff that "she sell the Psychology Tests" that Lackaff would engage in psychology testing only if the tests were not administered by a Psychologist – all fraudulent conduct and internet pre-texting caused to lure the Plaintiff to break the law, violate the test publisher standards, violate her contractual relationship with Pearson Assessments, and to violate the laws of her profession and ethical conduct promulgated by the APA Standards Testing.

94. The Defendants conspiracy of illegal and criminal conduct of fraud by internet pre-texting caused Plaintiff damage as a result.

WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant Julie, Lackaff, individually, and Defendant Pearson Assessments for **Violations of 15 U.S.C. §§ 1681 et seq. 6, Conspiracy Fraud by internet pre-texting.** Plaintiff reserves her rights to assert her claims for punitive damages in order to punish the Defendant whose civil theft is an egregious abuse of the power and authority accorded to Defendants by either contract or statutory rights. Plaintiff requests her costs, fees and expenses to bring this

matter to the Court, and such other relief as this Court deems just and proper.

## COUNT IV – DOCTRINE OF RESPONDEAT SUPERIOR

95.   Plaintiff, Theresa Bradley, incorporates Paragraphs 1- 94 as if stated herein and alleges a cause of action against the Defendant Pearson Assessment, a Division of Pearson, PLC under the doctrine of respondeat superior, and states:

**96. The Doctrine of Respondeat Superior is a**  common-law doctrine that makes an employer liable for the actions of an employee when the actions take place within the scope of employment. The common-law doctrine of *respondeat superior* was established in seventeenth-century England to define the legal liability of an employer for the actions of an employee. The doctrine was adopted in the United States and has been a fixture of agency law.

97.   Under *respondeat superior* the employer is liable for the injuries caused by an employee who is working within the scope of his/her employment relationship.

98. Defendant Lackaff was at all times an employee of Pearson Assessments who engaged in internet pre-texting, fraud, deceit, harassment and placing illegal demands upon the Plaintiff.

99. At all times, Plaintiff declined to engage in any unlawful conduct informing the Defendant Lackaff that the Psychology Test Administration Services had been arranged at a time and location and conditions for her benefit.

100. Defendants sought to defraud and deceive the Plaintiff, which has caused the Plaintiff harm.

WHEREFORE, Plaintiff, Theresa Bradley, hereby prays for entry of judgment in an amount to exceed $75,000.00 against the Defendant Pearson Assessments, a Division of Pearson, PLC under the doctrine of respondeat superior for the conspiracy to engage in pre-texting and to breach the professional agreement between the parties. Plaintiff reserves her rights to assert her claims for punitive damages to punish the Defendant for the conduct. Plaintiff requests her costs, fees, and expenses to bring this matter to the attention of the Court, and for such other relief as this Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY COURT

Respectfully submitted this 12th day of August 2008,

Dr. Theresa Bradley, Psy.D./JD, Pro Se Plaintiff

US Mail Address

Dr. Theresa Bradley, Psy.D./JD

6418 Old Post Court Columbus, GA 31909

Direct communications by email to Theresa@bravacorp.com

# EXHIBITS

**EXHIBIT A –** February 3, 2008 Pay Pal, Inc. Receipt two psychology tests administrations purchased by Julie Lackaff

**EXHIBIT B –** February 13, 2008  Plaintiff's Notification sent to Julie Lackaff Psychology Test Administration Services at office of Dr. Steven Nakisher, Psy.D. Chicago, IL, and miscellaneous communications by and between Plaintiff and Julie Lackaff regarding Test Administration Services Provided pursuant to URL Statement of Psychology Testing Services.

**EXHIBIT C**   May 30, 2008 Chargeback notification from Pay Pal, Inc. when maximum amount of time is 60 days – April 3, 2008; June 18, 2008 Notification from Pay Pal, Inc.; August 11, 2008 $1,500.00 Debit by Pay Pal, Inc.

**EXHIBIT D** June 2008 Complaint in Re; Julie Lackaff Fraud by Internet Pre-Texting US District Court for the District of Illinois (Chicago); Criminal Conduct Fraud by Internet Pre-Texting filed with US Dept. of Justice FBI and Cook County Illinois District Attorney; Dept. of Professional Regulation State of Illinois in re;  Dr. Julie Lackaff, Ph.D. violations of License Law with Fraud by Internet Pre-Texting; Complaint of Unethical Conduct filed at the APA Washington, DC in re; Julie Lackaff, Ph.D. Fraud by Internet Pre-Texting.

31

**EXHIBIT B  February 3, 2008 Payment to T.B. Bradley in regards to Psychology Test Administration Services purchased by Julie Lackaff**

# Transaction Details

Shopping Cart Payment Received (Unique Transaction ID #92785360AA093080W)

This transaction has been reversed.
For further details please see transaction 3Y311418L48669348
Original Transaction

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| Feb. 3, 2008 | Payment From Julie Lackaff | Held | ... | $1,500.00 USD | $43.80 USD | -$1,456.20 USD |

Related Transaction

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| May 29, 2008 | The funds are not available while this transaction is being reviewed | Placed | Details | -$1,500.00 USD | $43.80 USD | -$1,456.20 USD |

Julie Lackaff   (The sender of this payment is Unverified)

brianduhn@msn.com

president@bravacorp.com

*Exhibit A*
*13*

Shopping Cart Contents

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | **MCMI-IIIâ„¢ Millon Clinical Multi-Axial Inventory-III 1 Test Administration by Hand or Computer & Report** | | $750.00 USD |
| 1 | **MMPI-2â„¢ The Minnesota Report: Adult Clinical System-Revised 4th Edition 1 Test Administration by Hand or Computer & Repor** | | $750.00 USD |
| | | Amount | $1,500.00 USD |

Shopping Cart

## NOTIFCATION TO JULIE LACKAFF OF PSYCHOLOGY TEST ADMINISTRATION SERVICES

# BRAVA PSYCHOLOGY TESTING SERVICES
## www.bravacorp.com
The Cunningham Center 3100 Gentian Boulevard Suite 9B Columbus, GA 31907 president@bravacorp.com

February 13, 2008 by Email and US OVERNIGHT Express Mail

Mr. Brian Duhn and Ms. Julie Lackaff
3900 N. Lake Shore Drive Unit 9A
Chicago, IL 60613

RE; PSYCHOLOGY TESTNG SERVICES

Dear Ms. Lackaff and Mr. Duhn:

Recently, you purchased the Brava Psychology Testing Services for the administration of the following tests:

(1) Minnesota Multiphasic Personality Inventory-2™( MMPI-2™) 567 true/false questions with Test Scores and Interpretive Report
(2) Millon Clinical Multiaxial Inventory-III™ (MCMI-III™) 175 true/false questions with Test Score and Report

Please be advised that we have arranged for a Licensed Counseling Psychologist current Member of the American Psychological Association to administer these tests to you in compliance with the Test Publisher Manual and the American Psychological Association Code of Professional Conduct / Assessments Standard 9. See Test Administrator

We are required by the APA to obtain a Psychology Testing Consent Form, which we are enclosing. Please sign both copies, and keep one for your file and return one to us by US Mail in the enclosed envelope.

Upon our receipt of the signed Consent Form by either electronic Mail or US Mail, we provide 30 days for the Test Administrator and you to make arrangements to schedule the test administration in either one or two sessions depending upon your request. We have scheduled the MMPI-2 as the first test to be completed in the first session, which takes usually 60-90 minutes You may take a break, then return to the Test Administrator's office; and take the second test, the MCMI-III, which usually takes 25 – 30 minutes.  Or, you may return to the office of the Test Administrator for a second session to start and complete the MCMI-III in this second session.

Your Test Answers are not shared with the Test Administrator.  The Test Administrator will immediately place the answer sheets for both tests in a sealed envelope to be returned to our office for scoring and Test Report.  When the Test Report (s) is concluded, we will submit this to you and to only one other designated party by overnight courier providing you with the date time selected for a 1-Hour Post Test Consult by phone with Dr. Bradley.

If you wish to change the date/time for the 1-Hour Consult, you may do so by contacting us by email suggesting an alternative date/time.  Upon completion of the 1-Hour Consult, we will provide you with a list of Counseling Psychologists APA Members in Chicago, IL who you may contact should you wish further local consultations or counseling.  Further, you have the right to contact the Test Administrator who is fully licensed to conduct consultations and/or counseling. We will not submit a copy of the Test Report to the Test Administrator, unless you so direct and sign a Release of Records instructing us to do so.

Page – 2  -

Ms. Julie Lackaff and Mr. Brian Duhn

February 13, 2008

Please review and sign the enclosed Brava Psychology Testing Services Consent Form.  Should you have any questions, we prefer email contact, but we are available by Mobile phone form 8:00 am to 8:00 pm to answer any of your questions.

We appreciate this opportunity to be of service to you.

Sincerely,

*Theresa Bradley*

Dr Theresa Bradley, Psy.D.

Mobile 561-676-2989

DESIGNATED TEST ADMINISTRATOR

Minnesota Multiphasic Personality Inventory-2™( MMPI-2™) 567 true/false questions

Millon Clinical Multiaxial Inventory-III™ (MCMI-III™) 175 true/false questions

Steven Nakisher, Psy.D
444 North Michigan Avenue

Suite 1820

Chicago, IL 60657

Phone: 312-755-7000

# BRAVA PSYCHOLOGY TESTING SERVICES
# CONSENT FORM

Welcome to Brava Psychology Testing Services (Brava PTS). This form will provide information about our services and about your rights and responsibilities as a client. The Brava PTS is under the direction of Licensed Counseling Psychologist, Dr. Theresa Bradley, Psy.D. with expertise in psychological, educational, and cognitive assessment. Please be sure to discuss any questions with Dr. Theresa Bradley, Psy.D. You have been assigned a Test Administrator in Chicago, IL within 5 miles of your zip code 60613.

Your signature below provides that you understand the information herein and freely purchased and consented to participate in the selected assessments:

(1) Minnesota Multiphasic Personality Inventory-2™( MMPI-2™), and
(2) Millon Clinical Multiaxial Inventory-III™ (MCMI-III™).

In order to ensure the best possible service in your area, an APA Licensed Counseling Psychologist and Member of the APA will administer your test (s)  at their office Chicago, IL and pursuant to the Test Publishers' Manual Section Administration.  You agree to be obligated to arrange with Brava PTS  test administration services for the tests selected within 30 days from the date herein at a time / date convenient to you and the Test Administrator's schedule. Then, a Confidential Test Report will be issued to you and/or your designated representative as indicated by you below.  Dr. Bradley or your Test Administrator will provide 1-Hour of Post-Test Consultation Services with you or your designated representative discussing your testing results.

**TEST ADMINISTRATION:**

**Psychology Test Administrator Chicago, IL**

**Steven Nakisher, Psy.D**
**444 North Michigan Avenue**

**Suite 1820**

**Chicago, IL 60657**

**Phone: 312-755-7000**

## TESTING:

Through the use of the psychological tests you selected, we will attempt to answer the questions that have brought you to the Brava PTS selected and pre-paid assessment services. These questions generally concern learning disabilities, academic functioning, personality functioning or coping styles or other confidential issues that you are not obligated to disclose. Throughout the introduction to the test administration procedure, you have the right to inquire about the nature or purpose of all psychology test procedures for the two (2) tests you selected. You also have the right to know the test results, interpretations and recommendations.

## TEST ADMINISTRATION PROCEDURE

The assessment process generally involves a brief introduction to the test administration procedures required by the Test Publisher, followed by the administration of (1) the MMPI-2™ and (2) the MCMI-III™ psychological tests. Although it is sometimes possible to complete the testing for both tests selected in one sitting, it is not recommended. It is quite common for people to complete the first test with an estimated completion time of 60-90 minutes 567 true/false items for the MMPI-2™; then return for another test session to finish the second assessment battery, the MCMI-III™ with an estimated completion time of 25-30 minutes 175 true/false items.

You have the option to complete both tests selected in either one session or two sessions, but both tests must be completed within 30 calendar days from the date herein. Once testing is completed, the test answers are kept confidential, and test answers will be scored. This will be followed by a written report delivered to you by FedEx to you and/or your designated representative address as indicated and authorized by your signature below. You will then have the opportunity for a 1-Hour consultation included in the pre-payment price with either your Test Administrator or Dr. Bradley to discuss the results.

## CONFIDENTIALITY:

The information obtained in this Psychology Testing Service is confidential and will not be released to any person or designated representative without your written permission by your signature below. The **only** exceptions to this policy are rare situations in which we are required by law to release information with or without your permission. These exceptions are: 1) if there is evidence of physical and/or sexual abuse of children, or abuse to the elderly; 2) if we judge that you are in danger of harming yourself or another individual; and 3) if your records are subpoenaed by the court. In the rare event of any of these situations, we would attempt to discuss our intentions with you before an action is taken, and we would limit disclosure of confidential information to the minimum necessary to insure your rights of privacy are protected in compliance with the laws requiring Brava PTS to release information under the exceptions indicated above.

## INSURANCE

If you are sending your statement of Brava Psychology Test Services to your health insurance provider to cover the cost of the assessments, you should be aware that the insurance company will require a diagnosis and sometimes additional information before authorizing reimbursement payment. Since this information would become a part of your insurance file, you may wish to check with your insurance carrier to be sure you are comfortable with the nature of the information that may be requested prior to authorizing insurance reimbursement.

## REQUEST FOR INFORMATION

For reasons pertinent to your selection of the assessments, we sometimes like to gather data from custodial parents, **if applicable.** Please indicate your preference regarding mailing questionnaires in regards to the assessments you selected to your parent(s) and provide their mailing addresses, if applicable.

⊓ **No, please do not send questionnaires to my parent(s).**

⊓ **Yes, you may send questionnaires to my parent(s), as indicated below**

Name:_____

Address:_____

Name:_____

Address:_____

## COMMUNICATING RESULTS

Indicate the test person (s) name, gender, date of birth, relationship to authorizing person (if applicable), and US Mail address, to whom the Confidential Test Report should be submitted to the Test Person and the Designated Third Party. If there is one (1) additional designated person, who you request that a copy of the Confidential Test Report should be submitted, please indicate and authorize with your signature below.

**Test Administration with Authorization to submit**
**Test Report to Person Tested:**

Name (print):_____

Address:_____

_____

Date of Birth:_____

Gender (circle one):    Male    Female

_____
Person to be Tested Authorization (signature)

_____
Authorizing Person (signature)

_____
Relationship to Person to be Tested

**Designated Third Party authorized to receive Confidential Test Report:**

Name:_____

Address:_____

_____

Your signature authorization below indicates that you authorize the Confidential Test Report will be submitted to the designated person indicated above.

Your authorization_____    Date:_____

**FEE AND PAYMENT POLICY:**

The standard fee for Brava Psychology Testing Service of the assessments you have selected is $750.00 per test with non-refundable, full pre-payment for the Brava Psychology Test Service paid in advance.

Brava Psychology Testing Service does not bill insurance companies. We have requested that you pay your fee in full in advance, which you have agreed to by your prepayment of $750.00

per test. An additional fee of $20 per hour will be charged for arriving more than 15 minutes late or for each missed Test Administration Appointment or failure to appear in person or by phone for the agreed upon date/time for the 1-Hour Post-Test Consultation.

**AGREEMENT:**

I have read the above material, and I fully understand my rights and obligations under the terms set forth herein for Brava Psychology Testing Service.

_____
Name of Person to be Tested (print)

_____
Signature of Person to be Tested

Date:_____

_____
Name of Authorizing Person (Print)

_____
Signature of Authorizing Person

_____
Relationship to Person to be Tested

Address _____

_____
Name and Signature of parent/legal guardian) if applicable:

Name (print):_____

Signature_____

Address _____

**Brava Psychology Testing Service (PTS)**

Signature of Brava Psychology Testing Services (PTS) Representative

Name (print):)_____

Signature:_____

Date:_____

Address: Dr. Theresa Bradley, Psy.D. PRC#13943

        Member of the American Psychological Association (APA)

        Brava Psychology Testing Services

        Email: Theresa@bravacorp.com Mobile: 561-676-2989

        Direct US Mail to: Dr. Theresa Bradley at Box 8542 Columbus, GA 31908-8542

        February 15, 2008 and thereafter Office Address for Dr. Theresa Bradley, Psy.D.

        The Cunningham Center Suite 114 Columbus, GA 31907

## MAY 30, 2008 REQUEST FOR CHARGEBACK NOTIFICATION

Flag this message

# Chargeback case received: Case ID #PP-483-259-624 -

Friday, May 30, 2008 1:19 AM
From:
This sender is DomainKeys verified
"service@paypal.com" <service@paypal.com>
Add sender to Contacts
To:
president@bravacorp.com
Dear Theresa Bradley,

We were recently notified that one of your buyers filed a chargeback and asked their card issuer to reverse a payment made to you.

Although a chargeback may appear to be similar to a PayPal claim, it is actually a process initiated outside of PayPal and controlled by the card issuer. One of the unique benefits of using PayPal is that we help you fight unwarranted chargebacks and attempt to recover your funds.

The chargeback states that the buyer indicated one of the following problems:
- The merchandise was damaged or defective
- The merchandise was not as described
- Services were not rendered

It is up to the card issuer to decide whether or not they believe that the buyer's chargeback is valid and they are asking for some information about this transaction from you.

----------------------------------
Transaction Details
----------------------------------

Buyer's Name:Julie Lackaff
Buyer's Email:julie.lackaff@pearson.com

Buyer's Transaction ID: 92785360AA093080W

Transaction Date:Feb 3, 2008
Transaction Amount:-$1,500.00 USDCase #:PP-483-259-624

Your Transaction ID: 92785360AA093080W

-----------------------------------
What to Do Next
-----------------------------------

Please submit your response within 10 calendar days so that we can process
the chargeback for you. Chargeback timeframes are determined by the card
issuer and they have requested that you reply with information as soon as
possible. Once they receive your information, it may take up to 75 days
for the card issuer to make a final decision.

-----------------------------------
Other Details
-----------------------------------

There are no other details regarding this transaction at this time.

Sincerely,

PayPal
Chargeback Department
Email: chargeback-response@paypal.com
Fax: 402-537-5755

CB:PP-483-259-624:R1:USD1500.00:05292008:92785360AA093080W

-------------------------------------------------------------------

PayPal Email ID PP767

**PayPal**

Search PayPal Search                    Search

- Log Out
- Help
- Security Center

- My Account
- Send Money
- Request Money
- Merchant Services
- Auction Tools
- Products & Services

# Transaction Details

Normally, when a buyer files a chargeback with the credit card company, we temporarily hold the funds under dispute until the issue is resolved. However, due to your low dispute rate and consistent volume, we are pleased to allow you access to these funds while we investigate this chargeback. PayPal offers this benefit to our valued sellers because we know that chargebacks can take a long time to resolve and not having access to the funds can be inconvenient (Unique Transaction ID #3Y31141814.48669348)

Original Transaction

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| Feb. 3, 2008 | Payment From Julie Lackaff | Completed | Details | $1,500.00 USD | -$43.80 USD | $1,456.20 USD |

Related Transactions

| Date | Type | Status | Details | Gross | Fee | Net |
|------|------|--------|---------|-------|-----|-----|
| May 29, 2008 | The funds that were placed on temporary hold are now available for use | Removed | Details | $1,500.00 USD | $43.80 USD | $1,456.20 USD |
| Jun. 18, 2008 | Update to Reversal | Canceled | ... | $1,456.20 USD | $0.00 USD | $1,456.20 USD |

Date: May 29, 2008
Time: 22:19:29 PDT
Status: Removed

Return to Log

**More Information**

- Mobile
- Mass Pay
- Money Market
- Debit Card
- Referrals
- About Us
- Accounts
- Fees
- Privacy
- Plus Card
- Security Center
- Contact Us
- Legal Agreements
- Developers
- Shops
- Site Feedback +.



About SSL Certificates

Copyright © 1999-2008 PayPal. All rights reserved.
Information about FDIC pass-through insurance

What's New

Policy Updates.
September 30, 2008
Learn about important updates to Recent Activity

Get new PayPal buttons and logos

Take the Fight Phishing Challenge

Shop now

Welcome, **Theresa Bradley** (president@bravacorp.com) Edit profile

Business Name: T.B. Bradley

Account holder since 2006

Account Type: **Business**

Status: Verified (?)

**PayPal balance**

| Currency | Balance |
|---|---|
| U.S. Dollar: | -$1,510.00 USD |
| | Resolve Negative Balance |

**PayPal Buyer Credit**

See Credit Activity

| | |
|---|---|
| Minimum Payment Due: | $0.00 USD |
| Payment Due Date: | 05/21/2008 |
| Current Credit Balance: | $0.00 USD |

May not include activity in last 48 hours

**PayPal Debit Card**   It's your money! Get it fast.
Apply now

Confirm bank account - Confirm that you're the owner of the bank account linked to your PayPal account

**Account history:**
All account activity
Payments sent
Payments received

# DR. THERESA BRADLEY, PSY.D./JD

## P.O. BOX 8542 COLUMBUS, GA 31908 theresa@bravacorp.com

June 5, 2008

District Attorney for Cook County, IL

Office of the United States Attorney Chicago, IL

Office of the FBI Chicago, IL Field Office

RE; FRAUD / INTERNET PRE-TEXTING BY JULIE LACKAFF OF CHICAGO, IL

Dear Law Enforcement:

I am writing to file criminal charges for fraud / internet pre texting, and requesting that the District of Attorney for Cook County, IL assign a case number and file criminal charges against the following perpetrators of the crime, as follows:

**Ms. Julie Lackaff 3900 North Lakeshore Drive #9A Chicago, IL Julie.lackaff@pearson.com**

The level of conduct described in the attachment is not cocaine trafficking, not prostitution, and not global child pornography, but it does entail a pre-planned scheme by employees of a major corporation to defraud by internet pre-texting as fully described in the attachment Complaint now pending for filing of civil charges at the United States District Court for damages as a result of the fraud by internet pre-texting.

Ms. Lackaff's internet pre-texting has caused me personal, professional and financial damage. Ms. Lackaff and Pearson Assessments should be charged with criminal conduct of internet pre-texting across state lines. This is a MAJOR company who has abused its position of trust with its customer by engaging in internet pre-texting. This abuse of trust should not be ignored and go unpunished in the criminal justice system as it is abuse of the laws governing these matters.

Thank you,

*Theresa Bradley*

Dr. Theresa Bradley

Cc; United States District Court District of Illinois (Chicago); President, Pearson Assessments

# DR. THERESA BRADLEY, PSY.D/JD

www.bravacorp.com

3100 Gentian Blvd. Suite 9B Columbus, GA 31907 theresa@bravacorp.com

June 12, 2008 by US Mail Certified

Daniel Bluthart, Director
State of Illinois
Department of Financial and Professional Regulation
Complaint Intake Unit
100 West Randolph Street, Suite 9-300
Chicago, IL 60601

RE:  Julie Anne Lackaff Psychology License #071006013
Complaint of Unethical, Illegal and Criminal Conduct by Fraud with Internet Pre-Texting and
Violations of State of Illinois Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111,
par. 5351) and Violations of the Codes of Professional Conduct for the State of Illinois and the
American Psychological Association

Dear Mr. Bluthart:

I hereby file a Complaint with Demand for Investigation, Hearing, Discipline, and Removal of License issued
by the State of Illinois to Julie Anne Lackaff #071006013 Issued 02/03/2000 and Expiration 09/30/2008,
and grounds for the Complaint are fully detailed and explained with facts and documentary
evidence in support, as follows:

Complaint of Criminal Conduct by Julie Lackaff filed with the following law enforcement agencies
See Exhibit A Attached and made a part of this Complaint for Violations of the Clinical Psychologist
Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351) by Julie Anne Lackaff #071006013.

1. United States Federal Trade Commission in Re:  Julie Lackaff, Pearson Assessments
2. Dept. of Justice   Office of Federal Bureau of Investigation – Internet Fraud and White
   Collar Crime Division for the State of Illinois and MN   in Re:   Julie Lackaff, Pearson
   Assessments
3. Office of the United States Attorney for the State of Illinois in Re:  Julie Lackaff, Pearson
   Assessments
4. Office of the District Attorney for Cook County Illinois in Re:   Julie Lackaff, Pearson
   Assessments
5. Office of the Secretary of State for Illinois in Re:  Julie Lackaff, Pearson Assessments

Civil Complaint pending for filing in RE: Theresa Bradley v. Julie Lackaff, Pearson Assessments to be filed at the United States District Court for the District of Illinois (Chicago) Count I – Fraud by Internet Pre-Texting; Count II – Fraud in the Inducement; Count III – Breach of Bi-lateral Contract – See Exhibit B Attached and made a part of this Complaint for Violations of the Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351) by Julie Anne Lackaff ##071006013.

Julie Anne Lackaff ##071006013 engaged in a pre-conceived scheme to pretend to be a common person seeking the Psychology Test Administration Services provided by myself, Dr. Theresa Bradley, Psy.D. as fully detailed in Exhibits herein. At all times material hereto, Julie Lackaff, engaged in fraud, deceit and fraud by internet pre-texting pretending to be a common, ordinary person, not a duly licensed professional Psychologist holding License # #071006013 as fully described in Exhibit B herein.

Julie Lackaff placed demands upon me with a pre-conceived scheme of entrapment by engaging in fraud, deceit, subterfuge, and fraud by internet pre-texting placing demands upon me that I engage in illegal conduct by "selling to her psychology tests so that she could do with them what she pleased." And, Julie Lackaff placed demands upon me leading me to believe that she would engage in the Psychology Test Administration Services if the tests were not administered by a Psychologist as "she did not want to be tested by a Psychologist." See Exhibit C herein Emails submitted to me submitted by Julie Lackaff posing as an ordinary common person and disguising herself to be an ordinary, common person, not revealing to me the truth that she was a professional licensed psychologist holding State of IL License #071006013

Julie Lackaff engaged in criminal conduct by pretending to be an ordinary common person, not a duly Licensed Psychologist in the State of Illinois holding License ##071006013, and engage in internet pre-texting designed to lure and to entrap me into engaging in illegal conduct, by violating my contractual relationship with Pearson Assessments, and by selling the psychology tests in lieu of providing Psychology Test Administration Services, and by violating State Professional Regulation Statutes by demanding that the Psychology Test Administration Services that I would provide to Julie Lackaff not be administered by a Psychologist – See Exhibits B and C herein.

I hereby demand that the State of Illinois Department of Financial and Professional Regulation open its investigation, hold a hearing, and remove the Psychology License issued to Julie Ann Lackaff who has engaged in criminal conduct by fraud, deceit and fraud by internet pre-texting as set forth in Exhibits A, B, C, herein. I request to be at attendance at the Hearing and to provide my Sworn Testimony in regards to the facts, matters, and claims set forth in Exhibits A, B, C herein.

I swear under penalty of perjury that the facts set forth with Exhibits A, B, C filed and made a part of this Complaint with Notice of Violations by Julie Anne Lackaff of the State of Illinois Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351) and with violations of the Codes of Professional Conduct for Psychologists promulgated by the State of Illinois Professional License & Regulations Board and by the American Psychological Association Codes of Professional Conduct.

I hereby demand investigation, hearing, and removal of License # 071006013 issued to Julie Anne Lackaff under the State of Illinois Clinical Psychologist Licensing Act. (225 ILCS 15/1) (from Ch. 111, par. 5351)

Sincerely,

*Theresa Bradley*

Dr. Theresa Bradley, Psy.D./JD

Cc:   Pay Pal, Inc.; US Mail Certified with Exhibits A, B, C to   Julie Ann Lackaff; Pearson Assessments; Foley & Lardner, LLC Chicago, IL;  American Psychological Association Members Committee Washington, DC

AT THE AMERICAN PSYCHOLOGICAL ASSOCIATION

DIVISION OF ETHICS WASHINGTON, DC

CASE NO._____

# COMPLAINT OF AMERICAN PSYCHOLOGICAL ASSOCIATION PROFESSIONAL AND ETHICAL VIOLATIONS OF THE CODE OF PROFESSIONAL CONDUCT FOR PSYCHOLGISTS LICENSED MENTAL HEALTH COUNSELORS AND PROVIDERS

Complainant, Dr. Theresa Bradley, Psy.D. , hereby brings this Complaint to the APA Division of Ethics and files the following with request for APA Ethics Investigation, Hearing, Discipline and removal of Licensure and/or APA Membership and/or APA Sanctions or such other relief as may be provided by the APA Division of Ethics, and states as follows:

## APA MEMBER CHARGED WITH UNPROFESSIONAL, UNETHICAL AND CRIMINAL CONDUCT :

Julie Lackaff, Ph.D.

Psychologist Licensed in the State of Illinois #  071006013  Issued 02/03/2000

APA Member

Address: 3900 North Lakeshore Drive #9A Chicago, IL

## BACKGROUND HISTORY OF FACTS AND GENERAL ALLEGATIONS APPLICABLE TO COMPLAINT OF VIOLATIONS OF APA CODES OF ETHICAL AND PROFESSIONAL CONDUCT

1. Complainant, Theresa Bradley, submits Exhibit A Bradley v. Julie Lackaff, et al now pending for filing at the United States District Court for the District of Illinois (Chicago) and requests that the APA Division of Ethics incorporate the issues, claims, allegations, facts and all documentary Exhibits and evidence therein in support of the Complainant's demand for



# DR. THERESA BRADLEY, PSY.D.

### 3100 Gentian Blvd. #9B Columbus, GA 31907
### Direct All Communications to: theresa@bravacorp.com

June 11, 2008
By eMail: julie.lackaff@pearson.com; brainduhn@msn.com address provided by Julie Lackaff 2/3/08


Ms. Julie Lackaff
3900 North Lakeshore Drive
#9A
Chicago, IL

RE; NOTICE – DEMAND FOR RETRACTION

Dear Ms. Lackaff:

We hereby place our written demand and provide you notification of our demand that you withdraw the Request for Charge Back filed with your credit card holder and Pay Pal, Inc. on or before May 29, 2008. We demand that this retraction is filed by 12 Noon June 12, 2008 EDT at the office of Pay Pal, Inc. charge-back@paypal.com with copy of the eMail submitted to the above eMail address.

Be advised that you were duly informed by my site that I provided Consultation and Test Administration Services. Further, the Pay Pal, Inc. Shopping Cart transaction screen provided to you prior to entering your credit card number clearly states Test Administration, as does the Pay Pal, Inc. receipt. The Psychology Test Administration Services are non-refundable.

More importantly, the Psychology Test Administration Services were provided to you for a 45 day period by both Drs. Bradley and Nakisher at the latter's Test Center office in Chicago, IL, at a convenient location within five miles from your residence. You had a duty and an obligation under the law to arrive at the Test Center Monday through Friday during normal business hours. You were accorded the right to take each of the tests selected and purchased in either one or two tests sessions. You were accorded the right to request an extension of time to take the two tests selected and purchased during the 45 day time period, from February 13, 2008 to April 1, 2008.

The credit card transaction submitted to me by Pay Pal, Inc. shows that you authorized the charge February 3, 2008. Your credit card holder provides you a maximum of 60 days to file a dispute or request for chargeback. The time period to file a dispute request for chargeback ended April 3, 2008.

Further, be advised that allegations have been filed with both the Federal Trade Commission and the US Dept. of Justice Office of FBI Internet Fraud and White Collar Crime Division that you engaged in a scheme of fraud, deceit, and internet pre-texting with malice aforethought and

without disclosing your true intent and your true position with Pearson Assessments. Further, we have provided copies of your eMails to the FBI where you placed demands upon me that I engage in illegal conduct by selling you the psychology tests and that the psychology tests not be administered by psychologists. At no time did we capitulate to your demands that we engage in illegal and unethical conduct.

You are notified that the undersigned intends to bring a civil action against you for general, special and punitive damages caused by your conduct, which has resulted in professional defamation as a result.

I demand that you retract the Request for Chargeback within the time period provided , 12 Noon EST June 12, 2008 as set forth above. This demand is being served on you and Pearson Assessments by copy of this letter within 12 days after knowledge of the Request for Chargeback and Internet Pre-Texting Fraud.

In my 30+ years of professional career, I have been appointed by the States and the Courts to provide my expert Forensic Psychology Testing in Competency to Stand Trial in murder one cases; and for cases involving horrific child physical and sexual abuse, and where people's lives hang in the balance based upon my psychology testing expertise. Be advised that I uphold the State Professional Regulations and Statutes, the APA Code of Professional Conduct, the Test Publisher Guidelines, and the Psychology Best Testing Practices. Both Drs. Bradley and Nakisher provided the Psychology Test Administration Services to you with notification by US Mail Certified, US Mail Express Delivery, Regular US Mail and Email. Your conduct has caused significant damage to me. Hence, I intend to prosecute this matter to the fullest extent of the law.

GOVERN YOURSELF ACCORDINGLY.

*Theresa Bradley*

Dr. Theresa Bradley, Psy.D.

Cc: tracey.sheehan@pearson.com;  Pay Pal, Inc.